UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

PAWTUCKET SCHOOL DEPARTMENT and the
PAWTUCKET SCHOOL COMMITTEE,

    Plaintiffs,

vs.

C.C., BY HIS PARENTS, MR. AND MRS. C.,

    Defendants.

C.A. No. 1:17-cv-312

## COMPLAINT

Plaintiffs Pawtucket School Department and the Pawtucket School Committee (collectively, "Pawtucket") hereby state as follows by and for its Complaint against Defendant C.C. by his parents, Mr. and Mrs. C.

### Parties

1. Pawtucket is a local education agency, as defined by 20 U.S.C. § 1401(19).

2. Mr. and Mrs. C. are the parents of C.C., and they both currently reside in Pawtucket, Rhode Island.

### Jurisdiction

3. This Court has jurisdiction pursuant to 20 U.S.C. § 1415(i)(2)(A) and 28 U.S.C. § 1331.

### Factual Allegations

4. On or about November 20, 2015, Mr. and Mrs. C. filed a Request for Impartial Due Process Hearing alleging that Pawtucket had failed to provide C.C. with a free appropriate public education. Mr. and Mrs. C also sought reimbursement for the tuition they paid to the Wolf School for C.C.'s unilateral placement.

5. Thereafter, a Hearing Officer conducted an Impartial Due Process Hearing. Both sides presented witnesses and other evidence during the hearing.

6. On or about June 6, 2017, the Hearing Officer issued a written decision in which she determined that Pawtucket failed to provide C.C. with a free appropriate public education through February 3, 2016, but Pawtucket offered a free appropriate public education thereafter. The Hearing Officer nevertheless ordered Pawtucket to pay CC.C.'s tuition through the end of the 2015-2016 school year because she speculated that "a mid-year transition could prove detrimental to the child . . . ." Dec. at 59.

7. Pawtucket appeals from the Hearing Officer's findings and conclusions on the grounds that they are not supported by the evidence presented during the due process hearing or otherwise constitute errors as a matter of law.

8. In particular, C.C. invited the Hearing Officer to make a plain error of law by successfully objecting to Pawtucket's offer of proof of comparator evidence regarding the May 2015 individualized education plan ("IEP"). See G.I. v. Lewisville Indep. Sch. Dist., Case No. 4-12-CV-385, 2013 U.S. Dist. LEXIS 120156, at *24 (E.D. Tex. July 30, 2013). The use of comparator evidence is permitted in this Circuit. See Lt. T.B. v. Warwick Sch. Comm., 361 F.3d 80, 86 (1st Cir. 2004) (citing Warwick's "track record of success with autistic children").

9. The Hearing Officer also committed error by ordering Pawtucket to pay for C.C.'s placement at the Wolf School through the end of the 2015-2016 school year even though Pawtucket offered him a free appropriate public education in a less restrictive environment on February 3, 2016. The Hearing Officer improperly shifted the burden of proof to Pawtucket to show that C.C. could transition to a classroom in Pawtucket when the burden was on C.C.'s parents that he could not. See Schaffer v. Weast, 546 U.S. 49, 58 (2005); O.O. v. District of

Columbia, 573 F. Supp. 2d 41, 54 (D.D.C. 2008). Pawtucket's witnesses, by contrast, testified as to their extensive experience in transitioning students like C.C.

WHEREFORE, Plaintiff Pawtucket School Department respectfully requests that the Court reverse the hearing officer's decision and rule in favor of the Pawtucket School Department on all grounds, and award the Pawtucket School Department the costs and expenses they expended in defense of this litigation as well as such other relief as the Court deems just and reasonable.

        Respectfully submitted,
        PAWTUCKET SCHOOL DEPARTMENT,
        By its attorney

        /s/ Jon M. Anderson
        Jon M. Anderson (3946)
        Brennan, Recupero, Cascione, Scungio & McAllister, LLP
        362 Broadway
        Providence, RI  02909
        401-453-2300
        401-452-2345 (F)
        janderson@brcsm.com